United States District Court
Southern District of Texas
**ENTERED**
December 26, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLARENCE WILLIAMS, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-23-1734 |
| § | |
| JPMORGAN CHASE BANK NATIONAL § | |
| ASSOCIATION, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Clarence Williams sued JP Morgan Chase Bank National Association in state court after JPMorgan Chase sought to foreclose on Mr. Williams' Houston property. (Docket Entry No. 1). Mr. Williams executed a deed and note (together, "the Loan") on the property in 2002 in favor of Bank One, N.A. (Docket Entry No. 16 at 2). The Loan was subsequently modified on about March 1, 2020, by JPMorgan Chase, who is both the holder of the note and servicer of the Loan. (*Id.*). Mr. Williams defaulted on the Loan, JPMorgan Chase obtained a foreclosure order, and Mr. Williams filed suit before the foreclosure. (*Id.*).

JP Morgan Chase removed and moved to dismiss. (Docket Entry Nos. 1, 2). Following two hearings before the court regarding an exchange of preliminary information, (Docket Entry Nos. 9, 13), Mr. Williams filed a Second Amended Complaint alleging a single action under the state and federal Declaratory Judgment Act. (Docket Entry No. 15). JP Morgan Chase again moved to dismiss. (Docket Entry No. 16). Mr. Williams has not filed a response, and the deadline for response passed in October.

Based on the motion to dismiss, the record, and the relevant law, the court grants JP Morgan Chase's motion to dismiss with prejudice. The reasons for this ruling are set out below.

I.      **The Legal Standard for Dismissal**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint,

however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

## II.     Analysis

The Texas Declaratory Judgment Act "is a procedural statute that does not apply in federal court." *Camacho v. Texas Workforce Comm'n*, 445 F.3d 407 (5th Cir. 2006). Federal claims for "declaratory relief are remedial in nature, and are therefore dependent on the plaintiff's assertion of a viable cause of action." *Mbeche v. Trust*, No. 15-CV-01846, 2016 WL 1162200, at *4 n.5 (S.D. Tex. Mar. 24, 2016) (citing *VRC LLC v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006)).

Mr. Williams has asserted that he "denies that he signed the loan modification agreement and denies that he owes the funds that the Defendant claims that he owes." (Docket Entry No. 15 at 2). In his claim for relief, he states only that "a controversy exists as to the balance and enforceability of the power of sale in the deed of trust. (*Id.*). He provides no further facts or basis for his claims, even in his Second Amended Complaint. To the extent that Mr. Williams's claim is for an accounting of "the principal balance due, if any, and the defendant's right if any to seek foreclosure[,]" (*Id.*), this is not a remedy available under the federal Declaratory Judgment Act, which provides "early adjudication of an actual controversy." *Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 170 (5th Cir. 1990).

Mr. Williams's federal Declaratory Judgment Act claim fails to state a claim under any substantive law. *RKCJ, LLC v. Farmers & Merchants Bank*, No. 3:21-CV-2597-BN, 2022 WL 1050313, at *3 (N.D. Tex. Apr. 7, 2022) (collecting cases); *see Gamble v. Carrington Mortg. Servs., LLC*, No. CV H-23-184, 2023 WL 2503537, at *3 (S.D. Tex. Mar. 14, 2023). Bare requests for a court to "determine the rights of the parties" in foreclosure proceedings, without any further allegations showing how or why a controversy exists, do not sustain a cause of action under the federal Declaratory Judgment Act. *See Stokley v. Home Servicing, LLC*, No. 14-CV-3657, 2015 WL 12763512, at *8 (N.D. Tex. June 11, 2015), *report and recommendation adopted*, 2015 WL 12763513 (N.D. Tex. Aug. 4, 2015).

Mr. Williams has had the chance to amend his complaint after the defendant's initial motion to dismiss. Further amendment would be futile. This court grants the defendant's motion to dismiss with prejudice. An order of final judgment is separately entered.

SIGNED on December 26, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge